# Decker et al. v. Lanhan.

Oct. 16, 1945.

Raymond B. Dycus for appellants.

Charles Ferguson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

John Lanhan entered into an agreement with G. E. Decker and his sister, Mrs. Lillian Bennett, to operate several farms for them in 1943 on a fifty-fifty basis. During the latter part of the year the parties decided to terminate their partnership, and, in order to arrive at this end they held a public sale for the purpose of disposing of their partnership property. A large quantity of loose hay was purchased by Frank Smith at a price of $10 per ton. The tonnage was to be determined by measurement. Smith assigned his bid on the hay to the appellants. On the day of the sale the parties reached a settlement agreement, aside from the hay, subject to minor adjustments on corn, hemp seed and fuel. James Gillihan measured the hay a day or so after the sale and calculated it to be 200 tons. Decker was dissatisfied with Gillihan's calculation and he was unwilling to settle with Lanhan on that basis. Later the parties agreed to have Gillihan bale the hay and divide it bale by bale. Lanhan agreed to sell his part of the hay to Gillihan and he moved his baler to the Decker property. Some question arose between Decker and Gillihan as to whether the former wanted his part of the hay baled, and he

also told Gillihan that Lanhan owed him some money and the hay could not be moved until a settlement was reached. The hay was never baled, and Lanhan filed this action seeking to recover for 100 tons of hay at $10 a ton and the balance due him on the hemp seed. The appellants denied that they owed Lanhan anything and set up numerous claims against him in their counterclaim. Both parties offered proof in support of their contentions.

The trial court instructed the jury to ascertain the number of tons of hay and find for Lanhan on the basis of $10 per ton, along with $91.57 for the hemp seed. Credits in the amount of $105.55 were directed in favor of the appellants. The instructions covered also the other items in the counterclaim. The jury estimated that there were 160 tons of hay. Their net finding in favor of Lanhan was $786.02. This was arrived at by allowing him 80 tons of hay at $10 a ton ($800), plus $91.57 for the hemp seed, less the credits of $105.55 allowed the appellants.

The principal ground urged for reversal is that the court should have submitted to the jury the question of whether or not the original contract was canceled by mutual agreement when the parties agreed to have the hay baled and divide it bale by bale. Lanhan has filed a cross-appeal in which he contends that the parties agreed to have the tonnage determined by measurement, and the calculations based on the measurements showed 200 tons rather than 160 tons. We believe both the appeal and the cross-appeal to be without merit.

There is no dispute about Lanhan being entitled to one-half of the hay. It was bought by Smith originally for $10 per ton. True it is that when a dispute arose as to the calculation of the tonnage based on the measurement made by Gillihan the parties agreed to have the hay baled and divide it bale by bale, but it was Decker and not Lanhan who was responsible for the failure to carry out this agreement. There was never any dispute on the original proposition; namely, that half the hay belonged to Lanhan.

The cross-appeal is without merit because there was never any meeting of the minds of the parties as to the number of tons of hay. Decker questioned Gillihan's

calculation from the outset and at no time did he agree to settle with Lanhan on the basis of 200 tons. There is some contention also that the parties reached a final settlement on the day of the sale, aside from the hay and the corn, the hemp seed and the fuel, but there is evidence to support the ruling of the trial court that the appellants were entitled to credits in the amount of $105.55.

Wherefore, the judgment is affirmed on both the appeal and the cross-appeal.